838 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. LITTLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-5266.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant James W. Little appeals from a district court order affirming the Secretary's final decision that he was not disabled and, therefore, not entitled to disability insurance benefits. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Little filed his application for disability insurance benefits on July 8, 1974, alleging a disability onset date of June 7, 1974. The Secretary denied claimant's application both initially and upon reconsideration. Claimant then requested a hearing before an Administrative Law Judge (ALJ), which was held on June 4, 1975.
 
 
 3
 The ALJ's decision following the first hearing, held that Little was not entitled to a period of disability or to disability insurance benefits. This decision was adopted as the final decision of the Secretary. Claimant appealed to the district court which vacated the decision and remanded the case to the Secretary on September 4, 1984.
 
 
 4
 On July 10, 1985, without conducting another hearing, the ALJ issued a recommended decision which found Little was entitled to a period of disability commencing June 7, 1974, and to disability insurance benefits. This recommended decision was not adopted by the Appeals Council which remanded the case to the ALJ for further proceedings.
 
 
 5
 On June 19, 1986, following Little's second hearing, the ALJ issued a recommended decision dated June 19, 1986 which held that claimant was not entitled to a period of disability or disability insurance benefits. This decision was adopted in relevant part by the Appeals Council on September 15, 1986. Thus, the ALJ's recommended decision became the final decision of the Secretary.
 
 
 6
 Little then filed the present action for judicial review in district court pursuant to 42 U.S.C. Sec. 405(g). The district court referred the case to a United States Magistrate. Upon consideration of the parties' cross-motions for summary judgment, the magistrate issued a report and recommendation filed January 28, 1987, which recommended that claimant's motion for summary judgment be denied, but that the Secretary's motion for summary judgment be granted.
 
 
 7
 On February 13, 1987, after considering de novo Little's objections, the district court adopted the magistrate's report and recommendation. Claimant thereafter filed this timely appeal.
 
 II.
 
 8
 This court has jurisdiction on appeal to review the Secretary's final decision pursuant to 42 U.S.C. Sec. 405(g) which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole." Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).[1]
 
 
 9
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. Sec. 423(d)(1)(A). If the claimant is working, benefits are automatically denied. If a claimant is not found to have an impairment which significantly limits his ability to work (a severe impairment), then he is not disabled. Since the ALJ found that Little had not worked since 1974 and that he suffered from progressive osteoarthritis with multiple joint involvement, being more prominent in the low back and hips, with mild to moderate degenerative changes reflected by objective clinical testing and mild to moderate limitation of range of motion; chronic urinary-gastrointestinal problems which responded appropriately to medication; a history of surgical removal of recurrent skin lesions secondary to basal cell carcinoma; and mild depression, further inquiry was necessary. If a claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1; see 20 C.F.R. Sec. 404.1525(a). If so, benefits are owing without further inquiry. In the instant case, the ALJ found that Little did not suffer from one of the listed impairments. In such a case, assuming the individual had previously worked, the Secretary must next decide whether the claimant can return to the job he or she previously held. By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978), the claimant establishes a prima facie case of disability. In the instant case, the ALJ found that Little was not capable of returning to his particular occupation.
 
 
 10
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education and physical capacity, and the existence of jobs to match those qualifications, a claimant retains the capacity to perform a different kind of job. 42 U.S.C. Sec. 423(d)(2)(A); 20 C.F.R. Sec. 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." 20 C.F.R. Sec. 404.1569. See 20 C.F.R. Pt. 404, Subpt. P, App. 2. In the instant case, the ALJ found that Little retained the residual functional capacity to perform a full range of sedentary work, that he was of advanced age, that he had a limited education, that his previous work experience had been skilled or semi-skilled, and that he retained transferable skills. Accordingly, the ALJ found that the grid directs a conclusion that considering Little's residual functional capacity, age, education, and work experience he is not disabled. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.03.
 
 A.
 
 11
 Initially, Little argues that the Secretary erred in finding that he possessed transferable skills. We reject this argument. The regulations provide that transferable skills exist when skilled or semi-skilled work activities of other jobs or kinds of work. 20 C.F.R. Sec. 404.1568(d). The regulations provide further that "[i]n order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.00(f). Additionally, the regulations provide that "[i]f you are close to retirement age (60-64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable." 20 C.F.R. Sec. 404.1563(d).
 
 
 12
 This court has recently addressed the question of what constitutes transferable skills in Siterlet v. Secretary of Health and Human Services, 823 F.2d 918 (6th Cir.1987) (per curiam). In Siterlet, the vocational expert testified that the claimant possessed transferable skills in blue-print reading; supervising, directing, and scheduling the work of others; and operating a cash register. Id. at 921 (emphasis added). Accordingly, the ALJ found that the claimant possessed transferable skills. This court upheld the ALJ's finding on appeal. As the court explained, "[o]perating a cash register, functioning independently in conducting a business, reading blue prints and using tools are all clearly more than 'basic work activities' and are properly considered 'acquired aptitudes or abilities.' As such, they constitute skills acquired in his past relevant work which the vocational expert found transferable to other semi-skilled work...." Id. at 922 (emphasis added).
 
 
 13
 In the instant case, the vocational expert testified as follows with respect to transferable skills:
 
 
 14
 I guess with regard to transferability of skills, the things that I mentioned are most important. The use of hand-tools, the knowledge of access to circuitry, the ability to relate to other people and to maintain good work habits in the process of executing or performing (sic) the job....
 
 
 15
 With regard to transferability of skills, if he could have worked ... subsequent to that time, he probably could have continued as an Electrician or Electrician Supervisor, or doing some electrical kinds of maintenance work of a light nature.
 
 
 16
 The ALJ found that claimant "had acquired work skills such as supervisory-communicatory (sic) which he demonstrated in past work. Considering his residual functional capacity, these skills could have been applied to meet the requirements of semi-skilled work activities of other work which existed in significant numbers in the national economy at that time...." Our opinion in Siterlet indicates that supervisory skills such as those found by the ALJ in this case may constitute transferable skills within the meaning of the regulations. Furthermore, substantial evidence exists to support a finding that claimant had performed in a supervisory capacity, and thus had acquired supervisory skills.
 
 
 17
 We likewise hold that substantial evidence exists to support a finding in compliance with Rule 201.00(f) that "very little, if any, vocational adjustment [is] required in terms of tools, work processes, work settings, or the industry." The vocational expert testified as follows with respect to vocational adjustment:
 
 
 18
 There would be a rather minimal amount of adjustment in any one of those categories in my opinion, because these jobs--these Assembler jobs involve actually less expertise that (sic) he was using on his job although roughly the same kind of expertise, using the fingers and hands and eye/hand motor coordination, finger dexterity and the use of hand tools generally the same type that he used in his primary employment of Electrician. So, I would say in all those categories, there would be a rather minimal adjustment. The biggest adjustment would come with regard to the change of job setting. A manufacturing industrial plant with an assembly-line kind of regimentation as opposed to great freedom of movement according to my understanding of the type of activity that Mr. Little had done in the past.
 
 
 19
 In his evaluation of the evidence, the ALJ stated, "[t]he credible testimony of a qualified vocational expert at the recent supplemental hearing reflects that prior to December 31, 1977, the claimant had acquired work skills of a supervisory-communicatory nature which were transferable to other sedentary jobs with very little vocational adjustment in terms of tools, work processes, work settings, or the industry.... He stated that the major problem would be the job-setting in view of the claimant's unrestrained movements in his past work, but that this was not of significant proportions." The evidence relied on by the ALJ supports a finding that little or no vocational adjustment is required of claimant.
 
 
 20
 Finally, we hold that the Secretary was not required to find that claimant possessed a highly marketable transferable skill in this case. Section 404.1563(d) requires that the claimant possess highly marketable skills only if he or she is close to retirement (60-64). In the instant case, claimant was eight months from his sixtieth birthday when his insured status expired. Claimant correctly argues that the age categories in the grid are not to be applied mechanically in a borderline situation. 20 C.F.R. Sec. 404.1563(a). This court has recently held, however, that the fact that age categories are not to be applied mechanically does not mean that a claimant must be moved mechanically to the next age category whenever his chronological age is close to that category. Crady v. Secretary of Health & Human Services, --F.2d ----, ---(6th Cir.1987). In light of the fact that the ALJ had observed the claimant at his hearing, this court in Crady held that it was in no position to say that the ALJ erred in choosing one age category over another. Id. at ----. This case is distinguishable from Crady since the ALJ in the instant case did not observe Little on December 31, 1977, the date on which his insured status expired. We are, nonetheless, convinced that the ALJ possessed superior information on which to base this decision since he at least observed claimant subsequent to that time.
 
 B.
 
 21
 Little also argues that the Secretary erred in finding that he retained the residual functional capacity to perform a full range of sedentary work. Specifically, claimant argues that this finding was in error because he suffers from disabling pain. We reject this argument. When evaluating subjective complaints of disabling pain, we first consider whether objective evidence of an underlying medical condition exists. If it does, we consider whether objective medical evidence confirms the severity of the alleged pain arising from the condition or whether the objectively established medical condition is of such a severity that it can reasonably be expected to product the alleged disabling pain. Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 22
 In the instant case, the ALJ found that "medical evidence establishes that prior to December 31, 1977, the claimant had progressive osteoarthritis with multiple joint involvement, being more prominent in the low back and hips, with mild to moderate degenerative changes reflected by objective clinical testing and mild to moderate limitation of range of motion; chronic urinary-gastrointentinal problems which responded appropriately to medication; history of surgical removal of recurrent skin lesions secondary to basal cell carcinoma ...." Thus, the first prong of our standard was met. The ALJ found, however, that "claimant's allegations of severe debilitating pain on or prior to December 31, 1977, were not consistent with or supported by the objective clinical evidence of record." This is tantamount to a finding that the second prong of this court's standard for disabling pain was not met. In light of claimant's testimony that he drove his car twice weekly, accompanied his wife on shopping trips, and attended church on a regular basis, we hold that the Secretary's finding is supported by substantial evidence.
 
 
 23
 For the foregoing reasons, we AFFIRM the district court's judgment.
 
 
 
 [1]
 Claimant argues at length that the ALJ's recommended decision dated July 10, 1985, which found Little was entitled to a period of disability commencing June 7, 1974, and to disability insurance benefits is supported by substantial evidence. In light of the nature and scope of our review, this argument is irrelevant