**John P. STEPHENS (SSN: 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), Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of the United States Department of Health and Human Services, Defendant.**

**Civ. A. No. C-1-90-515.**

United States District Court, S.D. Ohio, W.D.

Feb. 10, 1992.

James Roy Williams, Young, Reverman & Napier Co., Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, U.S. Atty., Columbus, Ohio, Eric Schnaufer, Asst. Regional Counsel, Dept. of Health & Human Services, Chicago, Ill., for defendant.

## ORDER AFFIRMING THE ALJ'S NON–DISABILITY FINDING

SHERMAN, United States Magistrate Judge.

Plaintiff appeals the Administrative Law Judge's (ALJ's) decision denying him Social Security disability insurance benefits. The matter is now before the Court upon review of the pleadings and the parties' oral arguments.

### I.

The Court's sole function is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). That is, whether there exists "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir.1978).

Plaintiff cannot receive the disability benefits at issue unless he files an application for such benefits, meets certain insured status requirements, is less than 65 years of age, and possesses a 'disability' as defined in the Social Security Act. 42 U.S.C. § 423. Establishment of a disability is contingent upon two findings. First, plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of twelve or more months. *Id.,* § 423(d)(1)(A). Second, the impairment must render plaintiff unable to engage in the work he previously performed, or in any other substantial gainful employment that exists in the national economy. *Id.,* § 423(d)(2)(A).

Social Security regulations detail the sequential evaluation used for this disability analysis. *See* 20 C.F.R. § 404.1520; *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir.1990). First, plaintiff is required to show that he is not currently engaged in substantial gainful activity. *Id.,* § 404.-1520(b). Second, plaintiff must demonstrate that he suffers from one or more impairments which are severe enough to "significantly limit[ ] [his] ... ability to do basic work activities." *Id.,* § 404.1520(c). Third, the ALJ must compare plaintiff's impairments to those in the Listing of Impairments, 20 C.F.R., Part 404, Subpart P, App.1. If plaintiff's impairments meet or equal any listing, disability is presumed and benefits awarded. *Id.,* § 404.1520(d). If not, the ALJ must decide whether the impairments prevent plaintiff from performing his past relevant work. *Id.,* 404.-1520(e). Fourth, if plaintiff cannot perform such work, he is held to have made a *prima facie* case, and the burden of going forward with the evidence shifts to the Secretary to prove there is work in the national economy which plaintiff can perform. *Lashley v. Secretary of Health & Human Servs.,* 708 F.2d 1048, 1053 (6th Cir.1983). Last, to rebut that *prima facie* case, the Secretary may look to plaintiff's education, job experience, and residual functional capacity as proof that he can perform alternate work. *Mullins v. Secretary of Health & Human Servs.,* 836 F.2d 980, 983 (6th Cir.1987); 20 C.F.R. § 404.-1520(f).

### II.

Plaintiff alleges disability since December 18, 1985 due to numerous back problems. Tr. 97.

The procedural history of this matter is as follows: following the administrative de-

nial of the instant benefits application,[1] ALJ Haworth found plaintiff retained the residual functional capacity to perform both sedentary and light work. Tr. 38–39. The Appeals Council, having granted review, then ordered remand to determine whether plaintiff could in fact perform a significant number of jobs with the requisite "very little, if any" vocational adjustment. Tr. 18–19. Following a supplemental administrative hearing at which both plaintiff and a vocational expert testified, the ALJ reaffirmed his prior non-disability finding. Tr. 12–13. This appeal followed.

Plaintiff contends on appeal that the ALJ's final analysis is not supported by substantial evidence. To that end, he suggests the ALJ: (1) improperly weighed medical reports by treating physician O. Redmond McNeil, M.D.; (2) failed to sufficiently consider his subjective pain complaints; and (3) incorrectly applied 20 C.F.R. § 404.1568(d)(2) as well as medical-vocational guideline (i.e., grid rule) 201.-00(f). The Court finds all three contentions without merit for the reasons that follow.

### III.

As a result of a workplace injury, plaintiff underwent a partial lumbar laminectomy in January 1986. Tr. 159. Six months later, evaluating physician Robert Schwetschenau, M.D. reported that plaintiff had a normal gait; could walk on his heels and toes; and possessed neither reflex abnormalities nor muscle spasm, atrophy or weakness. Tr. 178–79.

The following month, plaintiff told evaluating physician Gary Ray, M.D. that he could walk one-half mile, sit for 30 minutes, and lift up to 25 pounds. Tr. 182. Dr. Ray found plaintiff without joint abnormalities or muscle atrophy, and reported his low back pain as just "mild to moderate." Tr. 183.

When plaintiff was evaluated by Steven Wunder, M.D. in January 1988, he admitted he could walk one mile. Tr. 194–95. Dr. Wunder reported plaintiff's manual motor

testing and muscle sensation as normal, and discovered virtually "no evidence of [any] residual neurologic deficit[s]." Tr. 195. He therefore found plaintiff could lift 30 pounds occasionally, 10–15 pounds frequently; stand, walk or sit eight hours daily, 1–2 hours without interruption; frequently balance, crouch, kneel and crawl; and reach, handle, push or pull without restriction. Tr. 200–01.

Six days later, treating physician McNeil found plaintiff disabled by "chronic back syndrome with ... unremitting [ ]pain." Tr. 207.

Vocational expert Samuel Feldman, M.A. testified at the first administrative hearing that plaintiff could perform, with only "moderate" vocational adjustment, sedentary work as, inter alia, an order or payroll clerk, and light work as, inter alia, an inspector or machine operator. Tr. 69, 71. Mr. Feldman further testified that approximately 7,000–8,000 such sedentary jobs exist in the local economy, as do 6,000–7,000 light jobs. Tr. 69–70.

At the second administrative hearing, vocational expert Bernard Rosenthal, M.A. testified that plaintiff could transfer his work skills in "a few days to a week" to sedentary or light work as a machine operator, inspector, or assembly worker, and that approximately 3,000 such sedentary and 17,000 such light jobs exist locally. Tr. 92–93.

### IV.

#### A

Upon a full and careful review of the administrative record, the Court finds plaintiff's first argument without merit, for the ALJ's evaluation of Dr. McNeil's medical reports is supported by substantial evidence. See tr. 11 (discussing his findings).

#### B

With respect to plaintiff's subjective pain argument, the Court takes guidance from

---

**1.** This is plaintiff's second benefits application. His first application, also denied administrative-

ly, was not challenged on appeal. Doc. 4 at 1.

*Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847 (6th Cir.1986), which instructs that:

Initially, there must be objective evidence of an underlying medical condition. If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain.

*Id.* at 853. S.S.R. 88–13 similarly provides:

Pain cannot be found to have a significant effect on a disability determination or decision unless medical signs or laboratory findings show that a medically determinable physical or mental impairment is present that could reasonably be expected to produce the pain alleged.

[Rulings] Soc.Sec.Rep.Serv. 736 (West Supp.1990).

■ Plaintiff satisfies neither *Duncan* nor Ruling 88–13 for he fails to demonstrate, via the objective evidence discussed above, that he suffers from one or more underlying medical conditions. Moreover, even if the Court assumes that such a condition exists, plaintiff also fails to satisfy the second *Duncan* prong, as there is an insufficiency of objective medical evidence in the record to confirm the severity of his alleged pain. To that end, the Court notes the lack of positive neurological findings such as muscle spasm or atrophy, sensory loss, or reflex deficits. *See, e.g.,* tr. 178–79, 183, 195; *accord Crouch v. Secretary of Health & Human Servs.*, 909 F.2d 852, 856–57 (6th Cir.1990).

Plaintiff's admissions also discredit his pain allegations. For example, plaintiff disclosed in Social Security Administration forms that he can wash dishes and mow his lawn. Tr. 119; *see Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir.1990) (ALJ may consider the performance of household tasks when evaluating subjective pain complaints). He also told the ALJ that he can drive two hours at one sitting and, while allegedly disabled, drove from Ohio to Tennessee. Tr. 84.

C

Plaintiff last challenges the ALJ's skills transferability findings under both 20 C.F.R. § 404.1568(d)(2) and grid rule 201.-00(f). The former regulation reads as follows:

Transferability is most probable and meaningful among jobs in which—

(i) The same or a lesser degree of skill is required;

(ii) the same or similar tools and machines are used; and

(iii) The same or similar raw materials, products, processes, or services are involved.

■ Plaintiff unquestionably satisfies § 404.1568(d)(2)(i), for his past relevant work was skilled, tr. 68, 91, whereas the jobs identified by both vocational experts were only semi-skilled. Tr. 69, 92. Subsections (ii) and (iii) are also met because the tools and processes plaintiff used in his work as an assembly-line supervisor and pipe fitter, *see* tr. 206, are likely similar, if not the same as, the tools and processes he can now use when employed as an assembly worker or machine operator. Tr. 68–69, 91–95.

Grid rule 201.00(f) provides:

In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry.

The Court seriously questions the applicability of grid rule 201.00(f) which, by its very language, pertains only to skilled sedentary work. As just discussed, both vocational experts found plaintiff capable of performing semi-skilled sedentary work. In addition, 201.00(f) is applicable to sedentary work alone; plaintiff, on the other hand, can perform both sedentary and light work. *See supra.* Nonetheless, to the extent that 201.00(f) here applies, the ALJ's use of the rule is supported by substantial evidence. For example, plaintiff was of advanced age when the hearing occurred,

tr. 53, and V.E. Rosenthal reasoned that plaintiff needed no more than "a few days to a week" to complete his vocational adjustment. Tr. 93. Thus, the "very little, if any" test was met. *Compare Little v. Secretary of Health & Human Servs.*, No. 87–5266, 1988 WL 7402, at \*3, 1988 U.S.App. LEXIS 1336, at \*9–10 (6th Cir. Feb. 1, 1988) [838 F.2d 471 (table)] (test met where plaintiff needs, in V.E.'s words, "a rather minimal amount" of vocational adjustment).

## V.

The ALJ's non-disability finding, supported by substantial evidence, is therefore AFFIRMED.

IT IS SO ORDERED.