16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carole JACKSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2560.
 United States Court of Appeals, Sixth Circuit.
 Jan. 10, 1994.
 
 Before: MERRITT, Chief Judge, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Carole Jackson seeks judicial review of the final decision of the Secretary of Health and Human Services denying her Supplemental Security Income benefits ("SSI"). The district court granted summary judgment to the Secretary. For reasons stated herein, we AFFIRM.
 
 Background
 
 2
 On May 31, 1990, claimant filed an application for SSI. Jackson alleged that she became disabled on March 26, 1990, by reasons of severe headaches from the residual of a bullet wound to the head. She was examined by A. Patel, M.D., in June 1990. Dr. Patel noted that Jackson was able to move normally and had no other significant physical problems outside the history of headaches. In August 1990, Samuel M. Abramson, M.D., completed a form for the Michigan Department of Social Services and reported no abnormal physical examination findings. The report included a CAT scan which revealed multiple bullet fragments and damage to the right side of the brain. Dr. Abramson further stated that Jackson was "unemployable." In December 1990, Dr. Abramson concluded that Jackson was disabled due to her gunshot wound.
 
 
 3
 A hearing was held on August 8, 1990, and on December 19, 1990, before an Administrative Law Judge ("ALJ"), who denied Jackson's claim for benefits. The Appeals Council affirmed. In district court, the magistrate judge recommended a reversal of the Secretary's decision, but the district court rejected that decision and found for the Secretary.
 
 I.
 
 4
 Pursuant to 42 U.S.C. Sec. 405(g), this court has jurisdiction to review the Secretary's decisions. Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, HHS, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, nor decide questions of credibility. See Brainard v. Secretary, HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 5
 In determining the existence of substantial evidence, this court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently. See Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if substantial evidence also supports the opposite conclusion. See Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 
 6
 To establish disability under the Social Security Act, a claimant must demonstrate that she is unable to engage in any substantial gainful activity because she has a medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for at least twelve continuous months. 42 U.S.C. Sec. 1382c(a)(3)(A); 20 C.F.R. Sec. 416.905(a) (1992); Listenbee v. Secretary, HHS, 846 F.2d 345, 350 (6th Cir.1988). The claimant must demonstrate that her impairment is so severe that she is unable to do her previous work and, considering her age, education, and work experience, is also unable to engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. Sec. 1382c(a)(3)(B).
 
 
 7
 The regulations provide for a sequential evaluation of disability claims. 20 C.F.R. Sec. 416.920 (1992). Under this five-step sequential evaluation process, if the Secretary can make a dispositive finding at any point in the process, she does not review further. 20 C.F.R. Sec. 416.920(a) (1992). The ultimate goal of this sequential evaluation is the rational and fair determination of whether the claimant meets the underlying statutory test for disability. Farris v. Secretary, HHS, 773 F.2d 85, 89 (6th Cir.1985). The five steps are as follows:
 
 
 8
 1. An individual who is working and engaging in substantial gainful activity will not be found "disabled" regardless of medical findings;
 
 
 9
 2. An individual who does not have a "severe impairment" will not be found "disabled";
 
 
 10
 3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;
 
 
 11
 4. If, upon determining an individual's residual functional capacity (RFC), the Secretary finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
 
 
 12
 5. If an individual's RFC (determined at step 4) does not permit that person to perform his or her past work, the individual's age, education and previous work experience are considered together with the individual's RFC to determine whether the individual can perform a significant number of other jobs.
 
 
 13
 20 C.F.R. Sec. 416.920(b)-(f) (1991). The burden of proof is on the claimant throughout the first four steps of the sequential process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).
 
 
 14
 In this case, the ALJ found that: (1) Jackson had not engaged in substantial gainful activity since March 26, 1990; (2) Jackson had sustained a gunshot wound to the head, and had recurrent headaches which constituted a "severe" impairment; (3) Jackson had the residual functional capacity (RFC) to perform sedentary work[1]; (4) Jackson was able to perform her past relevant general clerical work; and (5) therefore, Jackson was not disabled.
 
 II.
 
 15
 Plaintiff claims to be disabled by headaches. The Secretary employs a two-pronged test to analyze complaints of disabling pain or other symptoms. Jones v. Secretary, HHS, 945 F.2d 1365, 1369 (6th Cir.1991); Duncan v. Secretary, HHS, 801 F.2d 847, 853 (6th Cir.1986). Under the first prong of the test, the ALJ determines whether there is objective medical evidence of an underlying condition. Id. If there is such evidence, the ALJ must continue the analysis and consider whether the objective evidence confirms the severity of the alleged pain or symptoms arising from the condition, or whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the degree of pain or symptoms alleged. Id.
 
 
 16
 The ALJ reasonably found that the evidence failed to support Jackson's claim that her headaches were disabling. Dr. Patel reported that his examination was normal, and noted that Jackson denied having conditions that would be likely to cause or accompany headaches, including a history of craniotomy, seizures, epilepsy and vision problems. She also denied taking medication, and admitted that she did not have any other significant medical problems. In light of this, the ALJ reasonably concluded that the medical evidence did not support Jackson's complaint of disabling headaches.
 
 
 17
 Jackson was shot in the head in 1974. Consequently, the bullet fragments that appeared on a 1990 CAT scan have been present since that time. However, Jackson has submitted no evidence of ongoing medical treatment. This failure to seek medical treatment along with her failure to take medication during most of the relevant time period undercuts her allegations of disabling pain. Blacha v. Secretary, HHS, 927 F.2d 228, 231 (6th Cir.1990). Further, Jackson admitted that she cared for her personal needs, prepared all of her own meals, shopped for groceries once a month, and cleaned her house for two hours daily. Also, Jackson babysat on most days for her two-month-old grandson.
 
 
 18
 Jackson argues that the opinion of disability made by Dr. Abramson should be entitled to "great" weight as he was the treating physician. The district court noted that it is highly questionable whether Dr. Abramson is a "treating" physician in the true sense of the word, because he did not begin to treat Jackson until nearly two months after she filed her application for benefits. Thus, his opinion is entitled to less deference. Jones, 945 F.2d at 1370.
 
 
 19
 Jackson further argues that the Secretary has failed to cite any objective test which could prove or disprove her allegation of debilitating headaches. This argument is misplaced as the Secretary does not have the burden of showing that Jackson can work. Rather, plaintiff has the burden of showing that she cannot work. 42 U.S.C. Sec. 1382(d)(5)(A); 20 C.F.R. Sec. 416.912 (1992); Listenbee, 846 F.2d at 350. Only if Jackson shows that she cannot perform her past work does any burden shift to the Secretary. Bowen v. Yuckert, 482 U.S. at 146 n. 5. Thus, the ALJ reasonably concluded at Step 4 that plaintiff retained the ability to perform her past relevant employment as a general clerical worker.
 
 
 20
 As substantial evidence supports the decision of the Secretary, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Sedentary work is performed in a seated position and never requires lifting more than ten pounds. 20 C.F.R. Sec. 416.967(a) (1991)