Edward L. BLACHA,
Plaintiff–Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant–Appellee.

No. 89–2290.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 10, 1990.

Decided Aug. 31, 1990.

Ronald D. Honig, Weisberg & Walkon, Southfield, Mich., for plaintiff-appellant.

Donna Morros Weinstein, Chief Counsel, Ayrie Moore, Robert Hanson, Dept. of Health and Human Services, Office of the Gen. Counsel, Region V, Chicago, Ill., Karl R. Overman, Asst. U.S. Atty., Office of the U.S. Atty., Detroit, Mich., for defendant-appellee.

Before MERRITT, Chief Judge, and MARTIN and NELSON, Circuit Judges.

PER CURIAM.

This is an appeal from a district court decision granting summary judgment to the Secretary of Health and Human Services in a social security disability case. For the reasons that follow, we shall affirm the judgment of the district court.

I

The claimant, Edward L. Blacha, worked for General Motors as a senior graphic engineer. The job was sedentary in nature, involving only light lifting. Mr. Blacha was injured in 1978, when his chair collapsed and he fell backwards. Although he continued working for two years, he has allegedly suffered from pinched nerves in the neck, severe headaches, occasional loss of feeling in the arms and hands, and low back pain.

Since June of 1981, Mr. Blacha has filed three applications for disability benefits. All were denied, and neither of the first two was pursued beyond the administrative level. This dispute centers on Mr. Blacha's third application, filed on July 18, 1987.

A hearing on the third application was held before an administrative law judge on March 3, 1988. Because the issue of the claimant's disability between January 20, 1981 and March 28, 1983, had been decided against him when the second application for benefits was denied on the latter date, the ALJ disposed of that portion of the claim on *res judicata* grounds. As to the claim for benefits with respect to the period after March 28, 1983, the ALJ found that: (1) Mr. Blacha had insured status up

to and including December 31, 1986, but not thereafter; (2) the evidence established that Mr. Blacha did not meet any of the "listings" in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) Mr. Blacha had the residual functional capacity to perform work-related activities, except for work involving prolonged standing and walking, repetitive climbing of stairs or ladders, lifting, or work which would require standing and walking for more than 45 minutes at a time or sitting for over an hour at a time. On the basis of these findings, the ALJ concluded that Mr. Blacha was not disabled within the meaning of the statute. The Appeals Council denied a request for review, and this lawsuit followed.

The matter was referred to Magistrate Marcia G. Cooke, who recommended that summary judgment be entered in favor of the Secretary. Mr. Blacha filed objections to the magistrate's report, and the district court subsequently issued an opinion and order concluding that the Secretary was entitled to summary judgment. Mr. Blacha appealed. The principal issues on appeal are whether substantial evidence supports the decision of the Secretary and whether the Secretary erred in refusing to reopen the second claim for benefits.

## II

■ We agree with the magistrate's conclusion that Mr. Blacha's disability did not come within the listing's definition of a disorder of the spine, 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.05:

"There is no evidence the plaintiff has arthritis to such a degree that his joints are imobile [sic] or consolidated. Neither the cervical or lumbar spine are fixed at 30 degrees or more of flexion measured in the neutral position. Moreover, there is no x-ray evidence of calcification of the anterior and lateral ligaments or bilateral ankylosis of the sacroiliac joints. Moreover, plaintiff has failed to show any vertebrogenic disorder such as significant limitation of the spine or significant motor loss with muscle weakness and sensory and reflex loss. As is noted in the record ... the plaintiff's neurological examination was entirely normal." Magistrate's Report at 5–6.

Neither did Mr. Blacha's subjective complaints of pain pass muster under 42 U.S.C. § 423(d)(5)(A), which provides that:

"An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain...."

This statute, we have said, calls upon us to make the following analysis:

"First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir.1986).

The ALJ did find objective medical evidence of an underlying condition: nerve root compression in the cervical spine due to a herniated disc, as well as degenerative changes in the cervical spine. But there is little or no objective medical evidence tending to confirm that the pain attributed to this condition is disabling.

As the magistrate noted at pp. 6–7 of her report, "[t]here are no x-rays, EMGs or other relevant evidence to support [the treating physician's finding of disability] contained in the record after March 28, 1983, the last date the [appellant] was found disabled."

■ Without detailed corroborating medical evidence, this court will generally defer to the ALJ's assessment. *Houston v. Secretary of Health and Human Ser-*

*vices,* 736 F.2d 365, 367 (6th Cir.1984); see also *Duncan,* 801 F.2d at 852. Three reasons support such deference here.

First, the ALJ had an adequate basis to conclude that Mr. Blacha's objectively established medical condition was not so severe that it could reasonably be expected to produce disabling pain. Only mild osteoarthritic changes were disclosed between 1981 and 1983, with only "marginal lipping and spur formation" in the spine. Mild degenerative arthritis is not expected to produce disabling pain. *Sizemore v. Secretary of Health and Human Services,* 865 F.2d 709, 713 (6th Cir.1988); see also *Duncan,* 801 F.2d at 853–54. Further, there was no evidence of muscle atrophy, typically associated with severe pain, see *Mullen v. Bowen,* 800 F.2d 535, 547–48 (6th Cir. 1986), and no neurological defects were shown. See *Duncan,* 801 F.2d at 854.

■ Second, the ALJ had an adequate basis to discount Mr. Blacha's credibility to a degree. Mr. Blacha's testimony conflicted with the medical record at points, as when he testified that he had problems with his right hand but not his left hand or arm, whereas Dr. Rosenthal had diagnosed thoracic outlet syndrome in the left arm rather than the right. Further, Mr. Blacha's use of only mild medications (aspirin) undercuts complaints of disabling pain, see *Kimbrough v. Secretary of Health and Human Services,* 801 F.2d 794, 797 (6th Cir.1986), as does his failure to seek treatment after 1985. See *Dawkins v. Bowen,* 848 F.2d 1211, 1213 (11th Cir.1988). The ALJ found that some of Mr. Blacha's activities were inconsistent with his claims of disabling pain. As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain. See *Crisp v. Secretary of Health and Human Services,* 790 F.2d 450, 453 (6th Cir.1986). Especially significant was Mr. Blacha's ability to drive, which suggested to the ALJ that he had relatively good use of his arms and was capable of turning his neck.

Third, it is significant that Mr. Blacha continued to work as a graphic engineer for two years after his accident. He argues that the condition worsened over time, but there is no objective evidence that his condition declined significantly during that two-year interval.

There is substantial evidence in the record to support the finding of the ALJ that Mr. Blacha did not meet his initial burden of proving inability to perform his former work. The only vocational expert to testify stated that if Mr. Blacha's testimony were accepted entirely at face value the claimant would be disabled from doing his past work, but that based on the assumptions in a hypothetical question presented by the ALJ, he would not be so disabled. If the hypothetical question has support in the record, it need not reflect the claimant's unsubstantiated complaints. See *Hardaway v. Secretary of Health and Human Services,* 823 F.2d 922, 927–28 (6th Cir.1987). Here, the question was fully supported by medical evidence in the record.

## III

■ We now turn to the question whether the Secretary erred in refusing to reopen Mr. Blacha's second claim for benefits.

■ A court may not review a refusal to reopen an application for benefits absent a constitutional challenge. *Gosnell v. Califano,* 625 F.2d 744, 745 (6th Cir.1980), *on remand Gosnell v. Harris,* 521 F.Supp. 956 (S.D.Ohio 1981), *aff'd, Gosnell v. Secretary of Health and Human Services,* 703 F.2d 216 (6th Cir.1983) (citing *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). Mr. Blacha contends in his reply brief that the government's action was "clandestine" and "secretive," thereby suggesting, perhaps, that the Secretary failed to comply with constitutional standards of due process. It appears that no written transcript of proceedings before an ALJ is prepared until the claimant files a complaint in district court, and Mr. Blacha contends that this practice makes it impossible for the Appeals Councils to evaluate the entire record. The difficulty is

**232**

magnified where, as here, the sound recording of the proceedings is not complete.

We see no constitutional violation. In reviewing a similar decision by the Secretary not to reopen an application under 20 C.F.R. § 404.988(c)(8), the Eighth Circuit observed that where a claim to reopen is "not inextricably intertwined" with a claim for benefits, due process requires only that the ALJ and the Appeals Council in fact considered and rejected the possibility of reopening the claim. *Bullyan v. Heckler,* 787 F.2d 417, 420 (8th Cir.1986). We agree. The procedure would be constitutional, moreover, if there were no Appeals Council at all.

The judgment of the district court is AFFIRMED.