940 F.2d 661
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irene MOSCATELLO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1054.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Irene Moscatello appeals the district court's decision affirming the Secretary's denial of social security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Moscatello filed an application for supplemental security income and disability insurance benefits, alleging a disability due to diabetes, obesity, osteoarthritis and degenerative disc disease. The administrative law judge (ALJ) determined that Moscatello was not disabled because she retained the residual functional capacity to perform her past relevant work as a telephone solicitor and run off girl. The Appeals Council affirmed the ALJ's determination.
 
 
 4
 Moscatello then filed a complaint seeking judicial review of the Secretary's decision. The district court determined that substantial evidence existed to support the Secretary's determination and granted summary judgment for the defendant.
 
 
 5
 Moscatello has filed a timely appeal, claiming that the Secretary's decision is not supported by substantial evidence because her pain prevents her from performing even a full range of sedentary work activity.
 
 
 6
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The Secretary properly evaluated Moscatello's complaints of pain because subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002-03 (6th Cir.1988); Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). Furthermore, many of Moscatello's activities suggest that she does not have disabling pain and retains the residual functional capacity to perform sedentary work requiring little or no exertion. Cf. Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1990).
 
 
 7
 Dr. Wickens reported that Moscatello cannot do prolonged sitting, standing and walking or sustained bending and lifting. While the statement of a treating physician is entitled to substantially greater weight than that of a non-examining doctor, Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir.1983), a physician's opinion regarding disability is not dispositive. See King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). Substantial evidence exists to support the Secretary's decision that Moscatello was not disabled.
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation