943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold BLANKENSHIP, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-5252.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1991.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Arnold Blankenship appeals a judgment affirming the Secretary's denial of his application for social security disability benefits. 42 U.S.C. § 401. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 Blankenship alleged that he became disabled due to pain in his back and coal miners' pneumoconiosis. An administrative law judge ("ALJ") found that Blankenship had severe musculoskeletal and pulmonary impairments and that he could not perform his past work. However, the ALJ also found that Blankenship retained the ability to perform medium work subject to certain nonexertional limitations. Thus, the ALJ determined that Blankenship was not disabled by relying on vocational testimony within the framework of the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, App.2. On August 21, 1990, the appeals council affirmed the ALJ's findings in part but found that the grids directed a finding of disability when Blankenship became 60 years of age. On January 28, 1991, the district court entered a judgment in favor of the Secretary because it found that there was substantial evidence which indicated that Blankenship could perform a significant number of jobs prior to his 60th birthday. It is from this judgment that Blankenship now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 The record shows that the ALJ carefully considered Blankenship's testimony and found that his allegations of severe and constant pain were not credible. This court applies a two-part test in evaluating a claimant's allegation of disabling pain.
 
 
 6
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). Blankenship's treating physician found that he was totally disabled due to pain. However, the deference given a treating physician's assessment depends on whether it is supported by sufficient medical data. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). In the present case, the objective medical evidence indicates that Blankenship's allegations of pain are not sufficient to meet the test that was announced in Duncan.
 
 
 8
 X-rays revealed "an old wedge compression fracture" of the first lumbar vertebra, some spurring and mild narrowing of the disc space. However, a CT scan showed "no herniated nucleus pulposis, bulging disc, or any other abnormality." A neurologist interpreted the CT scan in a letter to Blankenship, which states in pertinent part as follows:
 
 
 9
 The scan is entirely normal and shows no evidence of disc rupture, no nerve root compression and really not a great deal of degenerative arthritis.... I would recommend that you be as active as possible to keep your back in good straits and do as many exercises such as walking as you can.
 
 
 10
 He also noted that there was no evidence of a radiculopathy, spasticity or spinal cord compression and no muscular, reflex or sensory deficit. On the whole, the medical reports fail to show an orthopedic or neurologic condition that would reasonably give rise to severe pain. See Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 230 (6th Cir.1990). Therefore, the record provides substantial evidence to support the Secretary's determination that Blankenship retained the residual functional capacity to perform the exertional requirements of medium work.
 
 
 11
 The record indicates that the ALJ also considered the combined effect of Blankenship's nonexertional impairments. The x-ray evidence indicates an early stage of pneumoconiosis; however, pulmonary function studies were essentially normal. Moreover, the hypothetical that the ALJ posed to a vocational expert specifically excluded work in a dusty environment. The vocational expert testified that an individual with Blankenship's impairments could still perform over 20,000 medium level jobs. She also identified a significant number of light and sedentary jobs that he could perform. This testimony is sufficient to support the Secretary's ultimate finding that a significant number of jobs were available to Blankenship prior to his 60th birthday. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987).
 
 
 12
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.