948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe TORREZ, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1492.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1991.
 
 1
 Before KEITH and RYAN, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Joe Torrez appeals a judgment affirming the Secretary's denial of his application for social security disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, the parties have expressly waived oral argument in this case.
 
 
 3
 Torrez alleged that he was disabled due to nervousness and a stomach disorder. However, an administrative law judge (ALJ) determined that Torrez was not disabled because he could still perform a significant number of light jobs. The ALJ's opinion became the final decision of the Secretary on June 8, 1990, when the Appeals Council denied Torrez's request for further review. On March 29, 1991, the district court adopted a magistrate judge's recommendation and entered a judgment in favor of the Secretary. It is from this judgment that Torrez now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 6
 In the instant case, the ALJ found that Torrez had not engaged in substantial gainful activity since May 29, 1986. While the ALJ found that Torrez had a "severe anxiety reaction, depression, mixed personality disorder and stomach troubles," he also found that these impairments did not meet or equal any of the impairments listed in Appendix 1 of the regulations. The ALJ also found that Torrez was unable to perform his past work. These findings are not in dispute. However, the ALJ then went on to find that Torrez retained the ability to perform light work that was not highly stressful and which was relatively routine and repetitive. A vocational expert indicated that a significant number of these jobs were available to Torrez. Thus, the ALJ was able to determine that Torrez was not disabled by relying on vocational testimony within the framework of the medical-vocational guidelines that are found at 20 C.F.R. Part 404, Subpart P, App. 2, Rule 202.20.
 
 
 7
 On appeal, Torrez argues that the ALJ did not pose a proper hypothetical to the vocational expert. He argues that additional nonexertional restrictions were suggested by Dr. Cappone in a psychological report, which was prepared after the administrative hearing at the ALJ's request. We find that the ALJ adequately described Torrez's condition in his hypothetical to the vocational expert. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987). "If the hypothetical has support in the record, it need not reflect the claimant's unsubstantiated complaints." Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1990) (per curiam).
 
 
 8
 Dr. Cappone's recommendation states only that Torrez would be "best suited" for work which would allow for "frequent interruptions, untimed tasks, ability to work according to his own schedule, tolerate his need to work alone, require minimal supervision, and allow him frequent interruptions of his normal day and work routine" to allow for frequent absences. Moreover, the relevance of her evaluation is questionable because it was rendered almost nine months after Torrez's insured status had expired.
 
 
 9
 The reports of the physicians who had examined Torrez during the period that he was insured are consistent with the hypothetical that was posed by the ALJ. In 1975, Dr. Danto reported that Torrez was "psychiatrically disabled from any type of pressure employment in the factory sense." In 1983, Dr. Lian found that Torrez had a "moderately severe anxiety reaction" and gastrointestinal disorder. He felt that there was a causal connection between these conditions and the stress involved in Torrez's factory production job. However, he also stated that Torrez "is able to work as a janitor at his own pace provided that he does not receive any pressure from the supervisory personnel." These opinions were adequately described to the vocational expert by the ALJ. The expert's testimony is sufficient to satisfy the Secretary's ultimate determination that Torrez is not disabled because a significant number of light jobs are available to him despite his impairments.
 
 
 10
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation