991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vickie L. COLAVITO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5875.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1993.
 
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM:
 
 
 1
 Vicki Colavito appeals from the district court's summary judgment ruling affirming the Secretary's denial of social security disability benefits. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 Vicki Colavito alleged that her disability began on October 27, 1987, due to back pain. She filed this action for disability benefits. On June 26, 1989 a hearing was held where an Administrative Law Judge (ALJ) denied her request for benefits. Colavito appealed, and the Appeals Council remanded this case to the ALJ for an assessment of Colavito's credibility. The ALJ issued a new decision finding that, although Colavito suffered from degenerative disc disease, she was not disabled. The Appeals Council then denied Colavito's request to review the ALJ's decision. Colavito sought judicial review of the ALJ's decision. A United States Magistrate Judge issued a report recommending that the Secretary's motion for summary judgment be granted. The district court adopted the magistrate's recommendation. This timely appeal followed.
 
 
 3
 Colavito worked in the past as a secretary and as an administrative assistant. She stopped working on October 27, 1987, because of back pain which made it difficult for her to walk. She testified that she is able to cook for her family, go grocery shopping, garden, and travel long distances by car. She claimed she is unable to do housework, lift heavy items, and that she must lie in bed upwards of three days when the pain is severe.
 
 
 4
 Colavito was examined and treated by a number of physicians. On October 29, 1987, she visited Dr. George Swajian, an osteopathic physician. Dr. Swajian reported that Colavito had degenerative disc disease, but that other clinical findings were generally normal. Dr. Martin Rothstein examined Colavito on November 13, 1987, and reported that she did not have degenerative disc disease, and that she had an "essentially normal" bone scan. On June 6, 1988, Dr. B.M. Wolleson found that Colavito suffered degenerative disc disease, complicated by arthritis, which rendered her disabled. Dr. Warren Roberts diagnosed Colavito with moderately severe degenerative disc disease on January, 10, 1989. Dr. Roberts believed her to be disabled from the standpoint of performing her occupational duties. On February 1, 1990, Dr. James Bash found that Colavito had chronic back pain due to degenerative joint disease. Dr. Craig Tubbs diagnosed Colavito with degenerative arthritis on November 2, 1989. When Colavito returned to Dr. Tubbs' office three months later, she was able to bend over and touch her toes and stand on her heels and toes without difficulty.
 
 
 5
 A vocational expert testified at the hearing that Colavito's past relevant work had been skilled and sedentary in nature. The ALJ concluded that Colavito had the residual functional capacity to return to her past relevant work as a secretary, and therefore was not entitled to disability insurance benefits.
 
 
 6
 In his recommendation, the magistrate noted that a number of the physicians recommended that Colavito receive surgery and concluded that she could not be found disabled until she either sought such treatment or a determination was made that the treatment would not correct her condition.
 
 II.
 
 7
 Colativo's first challenge to the district court's decision is that the magistrate judge's rationale was inconsistent with the Secretary's regulations and rulings regarding a failure to follow prescribed treatment. According to the standard for "Refusal to Follow Prescribed Treatment," "in order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work." (emphasis added) 20 CFR 404.1530(a). In this case, no doctor prescribed or ordered Colavito to undergo surgery or vocational rehabilitation.
 
 
 8
 On appeal, the Secretary agrees with the claimant that the magistrate judge's rationale was inconsistent with the Secretary's regulations and rulings that address a failure to follow prescribed treatment. Nevertheless, the Secretary argues that its decision was supported by substantial evidence, and therefore must be upheld in spite of the magistrate's faulty reasoning.
 
 
 9
 This Circuit has consistently held that judicial review of the Secretary's decision is limited to an inquiry into whether the Secretary's findings are supported by substantial evidence. See Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986). Therefore, even if a lower court's rationale contains errors, our role is limited to a determination of whether the Secretary's decision is supported by substantial evidence. See Cohen v. Secretary of Health and Human Services, 964 F.2d 524, 528 (6th Cir.1992). This Court must review the record as a whole to determine whether there is substantial evidence to support the ALJ's determination. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984).
 
 
 10
 In determining whether disability exists due to a physical disorder, a claimant must first establish her inability to return to her former occupation. Young v. Secretary of Health and Human Services, 925 F.2d 146, 148 (6th Cir.1990). The extent of a claimant's household and social activities, as well as objective medical findings, are relevant to a disability claim. Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1991); Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1027 (6th Cir.1990).
 
 
 11
 In this case, Colavito's own testimony as to her daily activities as well as the objective medical findings support the Secretary's conclusion that her back pain was not disabling. Colavito stated that she could cook, shop, garden, and travel, demonstrating her ability to meet the exertional requirements of her secretarial job. In addition, the objective medical findings did not show that she experiences disabling pain. Although Dr. Swajian's October 1987 examination revealed degenerative disc disease, a bone scan was normal, a CAT scan showed minimal abnormalities, and there was no evidence of a herniated disc. Dr. Roberts found that Colavito had limited movement in her spine, but satisfactory range of motion in her upper and lower extremities and normal neurological findings. Dr. Tubbs found that Colavito could walk without a limp, that her knee and hip had a full range of motion, and that she could bend over and touch her toes and stand on her heels and toes without difficulty. Accordingly, substantial evidence supports the Secretary's decision.
 
 III.
 
 12
 For the foregoing reasons, we AFFIRM the decision of the Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan