33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernice BRACEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1067.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Bernice Bracey appeals pro se from a district court judgment which affirmed the Secretary's denial of her application for social security disability benefits. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Bracey was employed primarily as a laundry worker and cushion sewer. She testified that she had to quit working because of breathing problems and because the chemicals used at the laundry gave her dermatitis. She also alleged that she became disabled due to bronchitis, pulmonary problems and carpal tunnel syndrome and that she experiences severe pain in her knees, hands, arms and back. An Administrative Law Judge ("ALJ") found that Bracey was not disabled because she could still perform a limited but significant number of light and sedentary jobs despite her impairments. Thus, the ALJ relied on the testimony of a vocational expert ("VE") to determine that Bracey was not disabled. The ALJ's opinion became the final decision of the Secretary on May 5, 1992, when the Appeals Council declined further review. Bracey filed a timely complaint in federal district court, and the Secretary's motion for summary judgment was granted on December 1, 1993. It is from this judgment that she now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Young v. Secretary of Health and Human Servs., 925 F.2d 146, 147 (6th Cir.1990). A de novo review of the record indicates that substantial evidence supports the Secretary's finding that Bracey is not disabled because a significant number of jobs are still available to her, even though she can no longer perform her past work.
 
 
 5
 Bracey's testimony indicated that she suffered pain in her knees, hands, arms and back. She also stated that she could not perform even sedentary work because she could not stay awake. An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). In the present case, the ALJ credited Bracey's testimony to some extent by finding that she could no longer perform her past work. Moreover, the ALJ's finding that Bracey could still perform a limited range of light work was supported by substantial evidence in the record. Thus, the ALJ did not err by finding that Bracey was not completely credible. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam).
 
 
 6
 Once a claimant demonstrates that she cannot perform her past work, the burden shifts to the Secretary to show that a significant number of other jobs are available to the claimant despite her impairments. Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). The ALJ found that Bracey retained the ability to perform light work as long as it did not require exposure to fumes, dust or vapor. 20 C.F.R. Sec. 404.1567(b). This finding is supported by substantial evidence in the record.
 
 
 7
 Bracey's own testimony ultimately indicates that she can perform the lifting requirements for light work, and it does not appear that her capacity is further limited by the alleged pain in her wrists and back. Some of the medical reports indicate that Bracey has mild carpal tunnel syndrome; however, at least one report indicated that she retained a full range of motion and x-rays did not show any significant abnormality. In addition, Bracey's family physician, Dr. Fitzgerald, reported that there was no loss of grip strength or fine dexterity. X-rays taken of Bracey's spine in 1985 revealed no abnormalities. Finally, a physical examination in 1987 showed that Bracey had normal mobility of the spine.
 
 
 8
 Bracey testified that her knees were stiff and painful and that she could not squat to lift anything from a low shelf. This testimony is supported by the report of Dr. Heeringa, who examined Bracey in July 1991. Dr. Heeringa noted softened cartilage and a malalignment of both knee caps; however, he also reported that Bracey had a full range of motion at that time. In September 1991, Dr. Heeringa stated that Bracey "should not be expected in terms of employment to be doing any significant standing or walking, and she would have to avoid any kneeling, squatting or stair climbing. Also, she may have difficulty keeping her knees bent for long periods of time in the sitting position." However, the medical record does not indicate that Bracey's knee impairment met the one-year durational requirement of 20 C.F.R. Sec. 404.1505(a). In addition, Bracey's testimony indicated that she was able to walk up a flight of stairs and drive, and Dr. Simpson's report indicated that she could walk normally without a cane.
 
 
 9
 Bracey testified that her most serious problem was the difficulty that she had breathing. The ALJ found that Bracey could not perform work that required her to be exposed to fumes, dust or vapor. His finding that Bracey was not further impaired by her respiratory and skin problems is directly supported by statements that were made by one of her treating allergists, Dr. Maternowski. In her brief, Bracey states that the district court failed to consider that Dr. Maternowski was not her skin doctor. However, an examination of the record shows that Dr. Maternowski examined Bracey on at least 10 occasions and that he coordinated his efforts with other allergists and dermatologists in treating Bracey's skin and respiratory problems.
 
 
 10
 In January 1991, Dr. Maternowski reported that Bracey "can work in an area free of chemicals, irritants, dust and noxious fumes." This diagnosis is not contradicted by any of the other medical evidence in the record, and additional restrictions were not prescribed by any of the other physicians who examined Bracey's skin or respiratory problems. Moreover, all of the chest and sinus x-rays in the record were normal, and a pulmonary function study indicated only a mild, totally reversible obstructive pattern and normal lung volumes. Therefore, substantial evidence supports the ALJ's finding that Bracey could perform a limited range of light work in an environment that was free from fumes, dust or vapor.
 
 
 11
 The Secretary may not rely exclusively on the grids to satisfy her burden if the claimant is unable to perform a wide range of work at a given level. Born, 923 F.2d at 1174. Here, the ALJ found that Bracey's ability to perform light and sedentary work was limited by her ability to walk, stand and sit for extended periods as well as her ability to work around dust, fumes or vapor. Nevertheless, the Secretary successfully carried her burden by relying on the testimony of the VE regarding the number of light and sedentary jobs that were available to Bracey despite these impairments. The Secretary may rely on this testimony because the hypothetical questions posed by the ALJ fairly described Bracey's condition. See Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam); Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 780 (6th Cir.1987). In particular, the ALJ's description of Bracey's nonexertional impairments were consistent with Dr. Maternowski's reports and the description of her exertional impairments is generally consistent with Bracey's own testimony. The ALJ did not fully describe the restrictions on Bracey's ability to kneel, squat or bend her knees. However, this impairment did not meet the one-year durational requirement and the ALJ did describe other limitations on sitting, standing and walking in his hypothetical questions.
 
 
 12
 The VE identified approximately 75,000 sedentary jobs and approximately 38,500 light jobs in Michigan that could be performed despite the restrictions assumed by the ALJ's questions. This testimony satisfies the Secretary's burden of showing that a significant number of jobs were still available to Bracey despite her impairments. It provides substantial evidence to support the Secretary's ultimate finding that Bracey was not disabled even though she could no longer perform her past work. See Born, 923 F.2d at 1174-75.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.