47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl W. NELSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5605.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and FEIKENS, District Judge.*
 
 ORDER
 
 2
 Earl Nelson appeals from a summary judgment affirming the Secretary's denial of disability benefits under the Social Security Act. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1988, Earl W. Nelson applied for disability benefits stemming from a back injury and related surgery. The application was eventually referred to an Administrative Law Judge [ALJ] for an evidentiary hearing after a series of adverse interim decisions. This hearing began November 18, 1991, and resulted in another decision adverse to Nelson's claim. The ALJ's decision became the final decision of the Secretary when the Appeals Council subsequently denied Nelson's request for review.
 
 
 4
 Nelson sought review of the Secretary's ruling in district court pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who recommended that the decision be affirmed. The district court adopted this recommendation over Nelson's objections and this appeal followed.
 
 
 5
 The evidence of record reflects the following: Claimant Nelson, a bricklayer by trade, first sustained a back injury in 1988 while jumping from the back of a farm truck. He was diagnosed as having suffered a ruptured disc and had corrective surgery in June 1988. Nelson thereafter experienced intermittent pain and physical limitations that have continued to the present and have prevented him from returning to his former occupation.
 
 
 6
 Nelson initially applied for disability benefits in 1988. The Secretary denied this application on direct review and on reconsideration. Nelson subsequently sought and obtained an evidentiary hearing before an ALJ at which extensive medical and vocational testimony was introduced. The ALJ analyzed Nelson's claim against the "grid" and disallowed the claim at step five, finding that Nelson had the residual functional capacity to perform other work which exists in significant numbers in the economy. This opinion became the final decision of the Secretary.
 
 
 7
 The magistrate to whom the case was referred conducted a thorough review of the record. The magistrate summarized the testimony of various physicians and vocational expert and concluded there was substantial evidence in the record to support the Secretary's judgment that Nelson, although precluded from going back to work as a bricklayer, nevertheless retained the residual functional capacity to perform other existing work. Nelson's attorney submitted objections in which he contested the magistrate's view of the evidence going to disability and residual functional capacity generally, the specific nature of Nelson's pain and the significance of Nelson's refusal to undergo a second recommended back operation. The district court adopted the recommendation in a summary opinion.
 
 
 8
 On appeal, Nelson's attorney sets forth one general issue for review, namely, whether the decision of the Secretary is supported by substantial evidence. The "Argument Summary" found at a later portion of the brief is more limited and focuses entirely on the claimant's entitlement to benefits owing to disabling back pain. Counsel specifically contends that "the Secretary failed to provide objective medical evidence to support its position that the Appellant did not have disabling pain."
 
 
 9
 The standard of review that applies to Nelson's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir. 1989) (per curiam):
 
 
 10
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 11
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).
 
 
 12
 The Secretary conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Social Security Act.
 
 
 13
 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
 
 
 14
 2. An individual who does not have a severe impairment will not be found to be disabled.
 
 
 15
 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
 
 
 16
 4. An individual who can perform work that he or she has done in the past will not be found to be disabled.
 
 
 17
 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.
 
 
 18
 Further review is not necessary if it can be determined that an individual is or is not disabled at any point in this sequential analysis. 20 C.F.R. Secs. 404.1520. In the case at bar, the Secretary denied Nelson's application for benefits upon reaching the fifth step in the analysis. That is, the Secretary acknowledged Nelson could no longer work at his previous occupation, bricklayer, but found that he retained the capacity to do other existing work.
 
 
 19
 Substantial evidence exists to support the Secretary's decision denying benefits at the fifth step in the sequential evaluation. In evaluating a claim of debilitating pain, the court applies the following two-part test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir. 1986):
 
 
 20
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 21
 Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam), and it is the Secretary's function to resolve conflicts in the evidence and to determine issues of credibility. See, e.g., King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984).
 
 
 22
 In the case at bar, the appellant urges this court to find that the Secretary did not carry its burden of proof to demonstrate the absence of objective medical evidence supporting Nelson's alleged disabling pain. It is clear under Duncan, however, the claimant carries the burden of proof to demonstrate the existence of the disabling pain and the attendant objective medical causes. To the extent the claim of disabling pain was discounted, the record supports a finding that the pain was present yet manageable. In addition, evidence shows that, to some degree, Nelson is able to cook, do housecleaning, accept visits from friends and visit the grocery. Evidence of a claimant's ability to care for some of his personal and household needs and engage in some social situations are relevant to a determination that he does not suffer from disabling pain. Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (per curiam). This portion of the appeal is therefore not well made.
 
 
 23
 Counsel for Nelson also urges this court to find that the decision to deny benefits is not supported by substantial evidence in general. This assignment of error, in this context, calls into question the Secretary's proof concerning Nelson's ability to do other jobs and the existence of these jobs in the national economy. The record contains several assessments by physicians of Nelson's capacity to perform physically. These assessments unequivocally support a finding that Nelson retained the capacity to do less than heavy labor and to do so for a substantial amount of time if given a sit/stand option. These limitations were accurately incorporated into the hypotheticals posed to the vocational expert at Nelson's evidentiary hearing. The vocational expert testified in response that someone in Nelson's condition could perform a significant number of jobs which existed in the national economy. This testimony of a vocational expert in response to hypothetical questions accurately portraying a claimant's impairments is substantial evidence that the claimant can perform a significant number of jobs in the national economy. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779-780 (6th Cir. 1987). The appeal lacks merit.
 
 
 24
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation