66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. CECIL, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3765.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1995.
 
 Before: KEITH, KENNEDY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Robert J. Cecil, Jr., appeals the decision affirming the Secretary's denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. Sec. 405. Cecil contends that the Secretary's decision is not supported by substantial evidence. For the reasons stated herein, we affirm the district court's judgment for the Secretary.
 
 I.
 
 2
 In 1989, Cecil applied for disability insurance benefits alleging disability beginning March 11, 1987, due to "back trouble." He has a history of back problems prior to, and following, a lumbar laminectomy and diskectomy in 1983. The problem of which he currently complains began in the workplace in March 1987 when he aggravated a pre-existing condition by twisting his back.
 
 
 3
 The Administrative Law Judge (ALJ) found that Cecil had severe lumbar disc disease but that he did not have an impairment or combination of impairments that would meet or equal the Listing of Impairments defined at Appendix 1 to Subpart P of the Social Security Administration Regulations No. 4. 20 C.F.R. Sec. 404.1520(d). The ALJ found that Cecil's complaints of pain were not adequately supported to the degree of severity alleged. The Appeals Council affirmed.
 
 
 4
 After Cecil instituted the instant action for judicial review of the Secretary's decision, the magistrate judge recommended that the Secretary's decision be reversed and benefits be granted. The district court declined to adopt the magistrate judge's report and recommendation and instead affirmed the Secretary's decision denying benefits.
 
 II.
 
 5
 This court is limited to a very narrow scope of review in this case. Pursuant to 42 U.S.C. Sec. 405(g), the Secretary's decision must be affirmed if it is supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Young v. Secretary of Health & Human Servs., 925 F.2d 146, 147 (6th Cir.1990) (citations omitted). To determine whether the Secretary's findings are supported by substantial evidence, the record must be taken as a whole, "including 'whatever in the record fairly detracts from its weight.' " Mullen v. Secretary of Health & Human Servs., 800 F.2d 535, 545, 46 (6th Cir.1986) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)).
 
 A.
 
 6
 Cecil argues that the Secretary's determination that he does not suffer from disabling pain is not supported by substantial evidence. In support of his argument, he focuses on selected portions of his testimony as well as selected portions of the reports of treating physicians.
 
 
 7
 This court has previously held that subjective complaints of pain may support a claim for disability.... However, subjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability.... To support a claim for disability there must be objective medical evidence in the record of an underlying medical condition.... If this requirement is met, the court must also determine either that the objective medical evidence confirms the severity of the alleged disabling pain arising from the conditions, or that the objectively established medical conditions is of such a severity that it can reasonably be expected to produce disabling pain.... In applying this standard the reviewing court should show deference to the decision of the administrative law judge in assessing credibility.
 
 
 8
 Tyra v. Secretary of Health & Human Servs., 896 F.2d 1024, 1030 (6th Cir.1990) (citations omitted). Further, "[a]s a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain." Blancha v. Secretary of Health & Human Servs, 927 F.2d 228, 231 (6th Cir.1990) (citations omitted).
 
 
 9
 Cecil has only been using aspirin or Tylenol for his pain and he only takes two tablets two to four times weekly. His "use of only mild medications (aspirin) undercuts [his] complaints of disabling pain." Id. (citations omitted). Further, his testimony was inconsistent in that while he is unable to work due to the debilitating pain, he still drives a standard shift pick-up truck[1]; does the shopping; goes camping; visits his parents twice weekly; does some household chores; and attends to his personal needs unassisted.
 
 
 10
 While it is well settled that the opinions of treating doctors should be given greater weight than those of doctors hired by the Secretary, Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 536 (6th Cir.1981) (citations omitted), the ALJ is entitled to consider the other reports. Id. Although Dr. John E. Barb's records would support a finding of disability, the opinions of Cecil's other treating physicians support a finding the other way. One treating physician, Dr. J. George Dakters, found Cecil's MRI negative and as of January 4, 1988, Dr. Dakters reported that Cecil no longer had neck difficulties of any significance and a bone scan was normal. The medical reports of those doctors hired by the Secretary supported a finding of no disability.
 
 
 11
 "Resolution of conflicting factual assertions is peculiarly suited to the adjudicator able to gauge the demeanor of the witnesses. Central to resolution of the case is the sincerity of claimant. [Here,] [t]he medical evidence was at best contradictory." Id. "An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen, 800 F.2d at 545 (citations omitted). Further, "[i]n a social security case, [the] circuit court 'may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.' " Cohen v. Secretary of Department of Health & Human Servs., 964 F.2d 524, 528 (6th Cir.1992) (citations omitted).
 
 B.
 
 12
 The ALJ found Cecil to have the residual functional capacity to perform light work which would not require a significant amount of walking or standing, that would allow him to change positions when needed, with limited bending, and involve no more than simple, repetitive tasks and low stress.
 
 
 13
 Cecil contends that this finding is not supported by substantial evidence. In support, he places great emphasis upon those physical/exertional restrictions recited by Dr. Barb. However, as noted previously, there was substantial evidence inconsistent with Dr. Barb's opinion and resolution of such conflicts in the evidence is not appropriate for this court. Id.
 
 
 14
 Cecil also objects to the non-exertional limitations found by the ALJ. These too are supported by substantial evidence. The ALJ's hypothetical posed to the vocational expert was based upon the substantial evidence before him and also gave Cecil the benefit of his claims of being unable to deal with a lot of stress due to his pain. The vocational expert testified that based upon those assumptions posed by the ALJ there are a significant number of jobs in the national economy which Cecil could perform.
 
 
 15
 The Secretary's decision is supported by substantial evidence.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 In Blancha, this court noted as "especially significant" the claimant's ability to drive as suggesting that the claimant "had relatively good use of his arms and was capable of turning his back." Id. at 231. Cecil drives a standard shift vehicle which suggests that not only does he have "relatively good use of his arms" and is "capable of turning his neck," he also has relatively good use of his legs and lower back