86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lucille JOHNSON, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1058.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; ALDRICH, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff Lucille Johnson appeals from a district court order affirming the Commissioner's denial of social security disability insurance benefits. Federal appellate jurisdiction is proper pursuant to 42 U.S.C. § 405(g). After careful review, we conclude that plaintiff's assignments of error are without merit. The judgment of the district court is AFFIRMED.
 
 BACKGROUND
 
 2
 Plaintiff was struck on the head during an assault by two men on August 20, 1990. Plaintiff has not engaged in substantial gainful activity since then.
 
 
 3
 Plaintiff filed an application for social security disability insurance benefits on March 19, 1991. At a hearing following an initial denial of benefits, plaintiff claimed to be unable to work due to, inter alia, depression, anxiety, headaches, and ringing in her ears. At this hearing, an administrative law judge ("ALJ") considered the following evidence: plaintiff's own testimony, written evaluations by various health care professionals, testimony of a medical advisor, Dr. Sun Mun Cho, and the testimony of a vocational expert.
 
 
 4
 The ALJ found that plaintiff had an affective disorder, but that she did not suffer from a severe physical impairment. The ALJ denied plaintiff benefits, holding that she had a residual functional capacity to perform her past work as a custodian.
 
 
 5
 After exhausting her administrative remedies, plaintiff filed a complaint in federal district court. The court entered summary judgment in favor of the Commissioner. This appeal followed.
 
 ANALYSIS
 
 6
 A claimant seeking social security disability benefits bears the burden of proving that she is disabled. Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990). The Commissioner's factual findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Born v. Secretary of Health & Human Servs., 923 F.2d 1168, 1172-73 (6th Cir.1990).
 
 A. Physical Impairment (Migraine Headaches)
 
 7
 Plaintiff contends that the ALJ erred in determining that her headaches were not totally disabling. We disagree.
 
 
 8
 First, the ALJ properly discounted plaintiff's subjective description of her pain because plaintiff's testimony concerning her headaches contradicted previous statements made to physicians. See Tyra v. Secretary of Health & Human Servs., 896 F.2d 1024, 1030 (6th Cir.1990) (holding that special deference is given to an ALJ's credibility determinations). Further, not a single physician opined that plaintiff's migraines were disabling. Lastly, one physician who examined plaintiff indicated that plaintiff's condition would respond well to treatment. See Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam) (holding that claimant not disabled where condition responded well to treatment). Accordingly, plaintiff's physical condition does not qualify her for disability benefits.
 
 B. Mental Impairment
 
 9
 The ALJ determined that plaintiff suffered from an affective disorder. A claimant who suffers from such a disability is entitled to benefits if, in addition to the affective disorder, she suffers from at least two of the following functional restrictions: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) deficiencies of concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner; or (4) repeated episodes of deterioration or decompensation in work or work-like settings. 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.04. The ALJ determined that plaintiff suffered moderately in the first category, slightly in the second, often in the third, and never in the fourth category. Plaintiff challenges these evaluations of her functional ability.
 
 
 10
 The ALJ's determinations are supported by substantial evidence. Drs. Coleman and Gilroy, both examining physicians, commented positively on plaintiff's ability to function; neither identified any functional restriction. Dr. Shiener, also an examining physician, did conclude that plaintiff's mental condition disabled her from working. Dr. Cho, however, dismissed both of Dr. Shiener's reports as unreliable. Moreover, plaintiff testified that she engaged in a variety of daily activities, including the raising of children, and that she had a good relationship with her family. Thus, the record supports the ALJ's determination.
 
 
 11
 Plaintiff also contends that post-traumatic stress disorder and an adjustment disorder of adult life are mutually exclusive disorders and that the ALJ erred in finding that she suffered from both. Even if the ALJ did err in characterizing plaintiff's condition, plaintiff still fails to qualify for benefits because she does not meet at least two of the functional restrictions set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.04.
 
 C. Past Relevant Work
 
 12
 Next, plaintiff challenges the ALJ's determination that she could perform her past relevant work as a custodian on the grounds that: (1) the ALJ failed to properly account for plaintiff's alleged noise intolerance; and (2) she should not work in an isolated environment.
 
 
 13
 Plaintiff has not met her burden of demonstrating that she is unable to return to her past work. The evidence in support of plaintiff's noise intolerance consists principally of her own subjective statements, which the ALJ found to be less than fully credible. Dr. Cho did state that plaintiff may have difficulty with noise. Neither Dr. Cho nor any other health care professional, however, opined that noise would prevent plaintiff from working. Accordingly, plaintiff's alleged noise intolerance need not have been included in the hypothetical posed to the vocational expert. See Blacha v. Secretary of Health & Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam) (holding that a hypothetical need not include unsubstantiated complaints).
 
 
 14
 There is even less evidence to support plaintiff's contention that she could not perform custodial work because of the level of contact with other people. The vocational expert stated specifically that a person with a moderately severe desire to avoid others could perform the work of a custodian. Nothing in the record suggests that plaintiff's condition exceeds this limitation.
 
 D. District Court's Review
 
 15
 As a practical matter, we review directly the ALJ's factual findings to determine if they are supported by substantial evidence. See Smith-Wilkins v. Secretary of Health & Human Servs., 880 F.2d 864, 866 (6th Cir.1989) (per curiam) (holding that court of appeals applies de novo standard of review to a district court's determination as to the existence of substantial evidence). Thus, even if the district court improperly reweighed certain evidence, as plaintiff contends, reversal would not be warranted.
 
 CONCLUSION
 
 16
 The entry of summary judgment in favor of the Commissioner is
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation