**Pamela G. GRIBBINS, Plaintiff–Appellant,**

**v.**

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

**No. 98–6384.**

United States Court of Appeals, Sixth Circuit.

July 10, 2001.

Before NELSON, BOGGS, and BATCHELDER, Circuit Judges.

PER CURIAM.

Pamela G. Gribbins sought supplemental security income benefits, alleging an inability to read or write, lower back problems, headaches, and depression. Her claim was denied at all levels as not meeting any of the relevant listings and that, based on the testimony of a vocational expert she was

capable of performing substantial gainful employment. She now appeals, and we affirm.

## I

Gribbins's only education is eight or nine years in special education classes. Her only work experience was a little more than one year at a sewing job. She has sought medical attention for back trouble, but can perform most household chores and take care of her children.

Petitioner's primary claim is that she meets listing 12.05(C), which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1205(C) (2000). Gribbins relies primarily on an IQ test given shortly after she filed for benefits, which showed a verbal IQ of 67, a performance IQ of 74, and a full scale IQ of 69. The ALJ accepted this as evidence of the required mental impairment under the listing, but held that the evidence did not show the required "additional and significant work-related limitation of function."

The ALJ did not err in so holding. The medical records Gribbins submitted did not show any specific limitations beyond the mental that would inhibit her work activity. Her doctors did not state that she was disabled. Dr. Westerfield, a consultative examiner, found "no physical findings to support impairment." The

ALJ also specifically noted her household and social activities in determining her ability to work, as he was entitled to do. *See* 20 C.F.R. § 416.929(c)(3)(i) (1997); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir.1990). Based on these factual findings, a vocational expert opined that there were adequate numbers of jobs in the general economy that Gribbins could perform.

Unlike in *Mowery v. Heckler*, 771 F.2d 966 (6th Cir.1985), on which Gribbins relies, the ALJ found no limitation in residual functional capacity, whereas Mowery was limited to light or sedentary work despite his past relevant work of heavy unskilled labor. At most, Gribbins cannot return to a single short-term job as a sewing machine operator, which had a "very stringent production pace." This alone is not sufficient to constitute a significant additional limitation.

## II

The judgment of the district court denying benefits is therefore AFFIRMED.[1]

---

**1.** The Commissioner makes an additional strong argument that Gribbins did not meet the listing's requirement that her subaverage intellectual functioning manifest itself before the age of 22. The Commissioner notes that Gribbins scored between 74 and 81 on four separate IQ tests taken between the ages of 8 and 13 and that the one IQ test on which she relies was taken at the age of 31. However, these arguments were raised for the first time at the district court level. Since they were not presented to nor relied upon by the Administrative Law Judge or the Commissioner, we choose not to consider them here.