37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph A. ANDERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5479.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 Before: KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Joseph A. Anderson appeals pro se from a district court judgment that affirmed the Secretary's denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Anderson alleged that he became disabled on March 25, 1987, due to a fractured pelvis and arthritis. His claim was denied by the Secretary after an administrative hearing, but the case was remanded by the district court for consideration of new evidence. Following a second hearing, an Administrative Law Judge ("ALJ") found that Anderson's insured status continued through December 31, 1987, but not thereafter. The ALJ found that Anderson had a severe impairment which prevented him from performing his past work. However, the ALJ also found that Anderson had retained the ability to perform a full range of sedentary work during the period that he was insured. Thus, the ALJ found that Anderson was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpt. P, App. 2, Rules 201.27-201.29. The second ALJ's opinion became the final decision of the Secretary on November 4, 1992, when the Appeals Council declined further review. On January 12, 1994, the district court adopted a magistrate judge's recommendation and awarded summary judgment to the Secretary. It is from this judgment that Anderson now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Young v. Secretary of Health and Human Servs., 925 F.2d 146, 147 (6th Cir.1990). As discussed more fully below, the Secretary's determination that Anderson was not disabled because he could still perform a full range of sedentary work is supported by substantial evidence in the record.
 
 
 5
 Anderson's treating physician, Dr. Taylor, reported that he was totally disabled and that he could no longer perform even sedentary work. This opinion is shared by Anderson's current orthopedist, Dr. Johnson. Anderson argues that the Secretary failed to give sufficient weight to this evidence. However, all of Dr. Johnson's reports were prepared after the expiration of Anderson's insured status. Moreover, the Secretary is not bound by a treating physician's opinion if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). In the present case, the reports of Anderson's original orthopedist, Dr. Barnes, indicate that he is only partially disabled. On October 23, 1987, Dr. Barnes precluded only strenuous labor, prolonged standing, running or lifting over twenty pounds. On February 8, 1988, Dr. Barnes indicated that Anderson could repeatedly lift about twenty pounds, walk with a normal gait, sit for up to two hours and drive 100 miles. This opinion is supported by the results of electrodiagnostic studies which showed no evidence of lumbar plexus neuropathy or lumbar radiculopathy. In addition, the residual functional capacity assessments of two consulting physicians indicate that Anderson was able to perform the requirements of sedentary work. This evidence provides substantial support for the ALJ's finding that Anderson could perform a full range of sedentary work during the period that he was insured.
 
 
 6
 The ALJ did not err by finding that Anderson's complaints of disabling pain were not credible. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). In the instant case, the ALJ properly noted that Anderson's allegations of disabling pain were not supported by parts of the medical record. Moreover, the ALJ's finding that Anderson could still perform sedentary work was supported by substantial evidence in the record.
 
 
 7
 Since Anderson could not perform his past work, the burden shifted to the Secretary to show that a significant number of other jobs were still available to him despite his impairments. The Secretary met this burden by relying directly on Rules 201.27-201.29 in the grids. In his objections to the magistrate's report, Anderson argued that reliance on the grids was inappropriate because his pain was a significant nonexertional impairment. However, the "mere allegation of a nonexertional limitation is not sufficient to preclude application of the grid; the determining factor is whether the alleged nonexertional impairment is severe enough to alter the conclusion that the claimant could do a full range of sedentary work." Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987). There is substantial evidence in the record which indicates that Anderson's ability to perform a wide range of sedentary work was not significantly limited by pain during the period that he was insured. Therefore, the grids provide substantial evidence to support the Secretary's ultimate finding that Anderson was not disabled at that time because a significant number of jobs were still available to him.
 
 
 8
 Anderson now argues that the reports of Dr. Barnes were unreliable. He also argues that he is entitled to punitive damages and Supplemental Security Income. However, Anderson has waived appellate review of these claims by failing to raise them in his objections to the magistrate's report. See Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.