47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Constance EDWARDS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2577.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1995.
 
 1
 Before: NELSON and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Constance Edwards appeals from the summary judgment affirming the Secretary's order denying an award of Social Security disability benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Constance Edwards filed an application for Social Security disability benefits in 1991. The application proceeded to an evidentiary hearing before an administrative law judge (ALJ) who found Edwards not disabled. Edwards took an unsuccessful appeal from this decision to the Appeals Council. The adverse decision of the ALJ was consequently adopted as the decision of the Secretary.
 
 
 4
 Edwards thereafter sought federal court review of the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who recommended that the Secretary's decision be affirmed. The district court adopted this recommendation over Edwards's objections and this appeal followed.
 
 
 5
 Edwards filed her application for disability benefits on February 20, 1991, with an onset date of July 15, 1989. She described her disability as a degenerative nerve disease affecting her balance, walking, legs and feet. She also stated she had pain and quivering in her legs, numbness in her toes, and easy fatigue. The evidence established that the condition may have been precipitated by a fall on ice in 1984. Edwards thereafter began to experience periods of numbness and stiffness in her legs. These conditions gradually worsened, she claims, to the point where she was unable to work.
 
 
 6
 The ALJ analyzed Edwards's application using the five-step sequential evaluation set forth at 20 C.F.R. 404.1520(a). The ALJ entertained the medical and vocational evidence and concluded that, although Edwards did have some form of degenerative nerve disease, it was not of the degree alleged and not severe enough to be disabling. The ALJ went on to find that Edwards could not return to her previous occupation (hotel maid, cleaning person) but that she retained the residual functional capacity to perform other sedentary and light jobs that existed in sufficient numbers in the local and national economy. The ALJ thus determined that Edwards's claim should be denied.
 
 
 7
 This decision became the final decision of the Secretary when the Appeals Council denied Edwards's request for review in spite of an attempt by Edwards's counsel to supplement the record with another opinion of a physician. The Council noted that there was no evidence of record to establish the existence of a central nervous system vascular accident or that Edwards suffered from significant and persistent disorganization of motor function in two extremities resulting in the required disruption of movement. The Council appears to have considered the supplemental physician's opinion in reaching its decision.
 
 
 8
 The magistrate judge to whom the case was referred recommended granting summary judgment for the Secretary. The magistrate initially cited Sixth Circuit case law in declining to consider the supplemental physician's opinion as part of the record on review. The magistrate went on to find that there was substantial evidence of record to support the Secretary's decision. The district court summarily adopted this recommendation over Edwards's objections.
 
 
 9
 Counsel for Edwards contends on appeal that the Secretary's decision is not supported by substantial evidence. Counsel specifically contends that the evidence establishes the existence of a disabling condition equal or greater to one of the "Listed Impairments" found in 20 C.F.R. 404, Subpart P, Appendix 1.
 
 
 10
 The standard of review that applies to Edwards's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir. 1989) (per curiam):
 
 
 11
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 12
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920-21 (6th Cir. 1987) (per curiam), and it is the Secretary's function to resolve conflicts in the evidence. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984).
 
 
 13
 The Secretary conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Social Security Act.
 
 
 14
 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
 
 
 15
 2. An individual who does not have a severe impairment will not be found to be disabled.
 
 
 16
 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
 
 
 17
 4. An individual who can perform work that he or she has done in the past will not be found to be disabled.
 
 
 18
 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.
 
 
 19
 Further review is not necessary if it can be determined that an individual is or is not disabled at any point in this sequential analysis. 20 C.F.R. 404.1520(a). In addition, a claimant's impairment must meet a 12 month duration requirement before being found disabling.
 
 
 20
 The focus of the current appeal is on step three. The ALJ found, and Edwards disagrees, that Edwards's condition did not meet or equal a listed impairment. The ALJ based his findings on the credibility of Edwards and on the medical evidence presented. As this court will not review the credibility determination, Brainard, 889 F.2d at 681, the only question remaining is whether there is substantial evidence to support the Secretary's characterization (through the ALJ) of Edwards's condition.
 
 
 21
 The evidence of Edwards's daily activities as well as the medical opinions admitted before the ALJ satisfies the substantial evidence test. The evidence reflects that Edwards was able to cook for herself at least one hour a day, to do light house work and help with the grocery shopping aided by a shopping cart. She was also able to go to the library several times a month and entertain neighbors and relatives on occasion. Evidence of a claimant's ability to care for some of her personal and household needs and engage in some social situations is relevant to a disability determination. Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990) (per curiam). The contemporaneous medical opinions, especially Exhibits 10 and 15, support the conclusion that Edwards was not totally disabled. In 1987, Edwards was described as having difficulty walking but "performed tandem gait surprisingly well." In 1991, another physician described Edwards as having a neurological impairment, but the same report noted that she could walk short distances without an ambulatory device. Neither report contains any indication that Edwards was considered disabled. In short, while it cannot be gainsaid that Ms. Edwards has a neurological problem, there is substantial evidence in the record to support a finding that she was not totally disabled.
 
 
 22
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation