54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Larry HARGRAVE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3946.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 1
 Before: NELSON and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Larry Hargrave appeals from the district court's judgment affirming the Secretary's decision to deny disability benefits under the Act. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Larry Hargrave filed an application for Social Security disability benefits in 1990. This application, based on a lower back injury, was denied without appeal. Hargrave submitted a second application for disability benefits on December 3, 1991, also based on the same lower back injury. The application was denied initially and Hargrave requested a hearing before an administrative law judge (ALJ). The ALJ denied the application following the hearing. This decision became final when the Appeals Council denied Hargrave's petition for review.
 
 
 4
 Hargrave sought review of the Secretary's ruling in the district court pursuant to 42 U.S.C. Sec. 405(g). The matter was referred to a magistrate judge who recommended that the decision should be affirmed. The district court adopted this recommendation over Hargrave's objections and this appeal followed. The parties have briefed the issues. Counsel for the Secretary expressly waived oral argument; counsel for Hargrave waived oral argument through his failure to request it.
 
 
 5
 Hargrave was born on August 14, 1952. He completed eleven years of school and has previous work experience driving tractor-trailer rigs. Hargrave began seeking treatment for back and neck injuries, and the accompanying pain, in 1987. The parties agree that Hargrave actually has suffered back trauma and met the criteria for insured status as of the onset date of the alleged disabling injury.
 
 
 6
 Hargrave was treated in a variety of ways over the next several years. He was intermittently subject to conservative treatment, therapy, hospitalization and finally, in 1990, surgery. Although his immediate post-operative state was free of pain, Hargrave began complaining of sporadic episodes of pain shortly after his surgery. His pain diminished after prescribed physical therapy sessions and he was referred to a work hardening program. His attendance at the program was inconsistent and he was not able to return to work as a truck driver. He continued to seek treatment until the date of his disability application.
 
 
 7
 The Secretary determined that Hargrave's condition did not qualify as a disabling condition, that he could perform sedentary work and that there existed sufficient jobs in the national economy of a sedentary nature so as preclude a finding of disability.
 
 
 8
 The magistrate reviewed the Secretary's decision and found these conclusions supported in the record. Counsel for Hargrave then filed objections in response to the report and recommendation. Counsel specifically noted that the magistrate erred 1) in finding that the Secretary's decision is supported by substantial evidence, 2) in his interpretation of Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir. 1986) (a decision setting forth a standard for evaluating a claim of debilitating pain), and 3) in his characterization of the testimony of the treating physician, Dr. Steele. There were no other specific objections raised. The district court reviewed the report, addressed the specific objections raised and adopted the recommendation.
 
 
 9
 Counsel for Hargrave brings two assignments of error on appeal. The first is that the decision of the Secretary concerning the debilitating effect of Hargrave's back pain is not supported by the necessary quantum of evidence. The second is that the Secretary and the district court erred in applying relevant Sixth Circuit law. The first claim is cognizable but lacks merit. The second claim has been waived and is nevertheless without merit.
 
 
 10
 The standard of review that applies to Hargrave's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir. 1989) (per curiam):
 
 
 11
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 12
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).
 
 
 13
 The Secretary conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Social Security Act.
 
 
 14
 1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.
 
 
 15
 2. An individual who does not have a severe impairment will not be found to be disabled.
 
 
 16
 3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.
 
 
 17
 4. An individual who can perform work that he or she has done in the past will not be found to be disabled.
 
 
 18
 5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.
 
 
 19
 Further review is not necessary if it can be determined that an individual is or is not disabled at any point in this sequential analysis. 20 C.F.R. Secs. 404.1520 and 416.920. In the case at bar, the Secretary denied Hargrave's application for benefits upon reaching the fifth step in the analysis. That is, the Secretary acknowledged Hargrave could no longer work at his previous occupation, truck driver, but found that he retained the capacity to do other existing work, notwithstanding his claim of debilitating back pain.
 
 
 20
 Substantial evidence exists to support the Secretary's decision denying benefits at the fifth step in the sequential evaluation. In evaluating a claim of debilitating pain, the court applies the following two-part test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir. 1986):
 
 
 21
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 22
 Furthermore, credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam). Evidence of a claimant's ability to care for some of his personal and household needs and engage in some social situations is relevant to a disability determination. Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (per curiam) (evidence of claimant's ability to drive found to be "especially significant").
 
 
 23
 The medical and vocational evidence of record, as well as the evidence of Hargrave's daily activities, supports the district court's decision. Hargrave apparently demonstrated marked, if sporadic, improvement and continues to perform many routine household functions, another item relevant to this review. This assignment of error lacks merit.
 
 
 24
 Hargrave's second appellate assignment of error is that the Secretary and the district court failed to apply sedentary work/sit-stand option tests set forth in Preston v. Secretary of Health and Human Servs., 854 F.2d 815 (6th Cir. 1988) (per curiam), and other cases. This argument is most definitely not, however, found in Hargrave's objections to the magistrate's report. If a party fails to object to any issue in a magistrate's report, he is precluded from subsequently raising the issue on appeal, even if other objections are filed. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 147-48 (1985)). This appellate argument has thus not been preserved for review. It is nevertheless submitted that the Secretary did in fact apply the proper standard in this regard and that substantial evidence supports the finding. Two different physicians offered their opinions that Hargrave could sit (with normal breaks) for 6 hours out of a typical 8 hour workday. A job in the category of "sedentary" contemplates substantial sitting as well as sporadic standing or walking. 20 C.F.R. Sec. 404.1567(a); Wages v. Secretary of Health and Human Servs., 755 F.2d 495, 498 (6th Cir. 1985). This claim lacks merit.
 
 
 25
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation