81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anna E. LOVETT, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-5703.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1996.
 
 Before: KRUPANSKY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a summary judgment affirming a decision to deny an application for Social Security disability benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Anna Lovett filed claims with the Social Security Administration for disability insurance benefits and supplemental security income (SSI) payments. An administrative law judge (ALJ) conducted a hearing--at which Mrs. Lovett was not represented by counsel--and subsequently concluded that Mrs. Lovett was entitled to SSI payments but not disability benefits. This became the final decision of the Social Security Administration when the Appeals Council declined review.
 
 
 3
 Mrs. Lovett sought review of the decision in federal court pursuant to 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the court grant summary judgment and affirm the benefits determination. Mrs. Lovett filed specific objections to this recommendation through counsel. The district court summarily adopted the report and recommendation and this appeal followed. Mrs. Lovett is proceeding on appeal without benefit of counsel.
 
 
 4
 Mrs. Lovett was born on August 10, 1944. She has a high school education and spent at least 15 years of her adult life as a textile worker, acting as a bundle carrier and a sewing machine operator. She stopped working in June 1986 and has not been gainfully employed since then. She filed for supplemental security income in April 1991, and she filed for disability insurance benefits in May 1991. She based her claims on chronic fatigue syndrome. The parties agree that Mrs. Lovett's insured status expired as of December 31, 1986. It was therefore incumbent upon her to demonstrate that she suffers from chronic fatigue syndrome and that she was disabled by this condition prior to December 31, 1986.
 
 
 5
 The evidence at the hearing before the ALJ consisted of medical records and the testimony of Mrs. Lovett, her husband, two acquaintances and a vocational expert. Following the hearing, the ALJ concluded that, although Mrs. Lovett was eligible for SSI payments, she failed to carry her burden to demonstrate that the onset of her disabling condition occurred prior to December 31, 1986.
 
 
 6
 Mrs. Lovett raises a number of issues in her pro se appellate brief. Only two of these, however--issues as to the fairness of the hearing and the quantum of evidence supporting the onset date determination--were specifically raised in the counsel-aided objections to the magistrate judge's report and recommendation. The remaining issues have been waived. See, e.g., Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). This court's review is therefore limited to a consideration of the quantum of evidence supporting the conclusions of the Social Security Administration and whether the ALJ afforded the unrepresented Lovett a fair hearing.
 
 
 7
 The standard of review that applies to Mrs. Lovett's case was articulated by this court in Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989):
 
 
 8
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 9
 Id. at 681 (citations omitted). The Secretary's decision must be affirmed, if supported by substantial evidence, even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983), and even if the claimant's position is also supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc). It is the Secretary's function to resolve conflicts in the evidence and to determine issues of credibility. Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987).
 
 
 10
 There is ample evidence of record to support the initial conclusion that the onset date of Mrs. Lovett's disabling condition occurred after the expiration of her insured status. The date selected by the Secretary, December 31, 1986, is the last date Mrs. Lovett was insured. Her claim is that she was gradually disabled by a combination of migraine headaches and other symptoms of chronic fatigue syndrome. There is undoubtedly evidence in the record to substantiate the claim that she was suffering from a variety of ailments at the time of the hearing before the ALJ. There is sufficient medical and anecdotal evidence, however, to support the finding that Mrs. Lovett was not disabled prior to December 31, 1986.
 
 
 11
 As noted, Mrs. Lovett's neighbor, Ms. Matheny, testified at the 1992 hearing before the ALJ. Ms. Matheny testified that Mrs. Lovett did not begin to experience severe functional limitations until approximately one year before the hearing. Ms. Matheny also stated that she and claimant Lovett rode horses twice a week before Mrs. Lovett began to experience the severe physical decline, that they went shopping frequently (to yard sales and to department stores), and that Mrs. Lovett enjoyed gardening and swimming. Evidence of a claimant's ability to care for some of her personal and household needs and engage in some social situations is relevant to a disability determination. Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1990).
 
 
 12
 In addition, medical evidence supports the ALJ's onset date finding. The findings and evaluations of Drs. Howell and Hausmann are consistent with the conclusion that the onset date of Mrs. Lovett's condition occurred after her last insured date. In short, the record is sufficient to support the Secretary's finding concerning the onset date of Mrs. Lovett's disabling condition.
 
 
 13
 The record also reflects that Mrs. Lovett's pro se appearance before the ALJ did not result in the deprivation of a fair administrative adjudication. The ultimate responsibility for ensuring that a claimant receives a full and fair hearing lies with the ALJ. Richardson v. Perales, 402 U.S. 389, 410 (1971). Thus, when a disability claimant appears at a hearing without counsel, the ALJ has a special duty not only to conduct a fair proceeding but also to ensure that a full record is developed. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 856 (6th Cir.1986). The mere fact that a claimant is acting without counsel, however, is not grounds for reversal. Holden v. Califano, 641 F.2d 405, 408 (6th Cir.1981).
 
 
 14
 The record before the court shows that a complete record was developed and that Mrs. Lovett was afforded a full and fair opportunity to make her case. Mrs. Lovett contends that the record is incomplete because it does not contain certain medical records for the period immediately prior to June 1986 and because she was not capable of fully discrediting the testimony of witness Helen Matheny. The administrative record, including the transcript of the evidentiary hearing, is almost 600 pages long and contains literally scores of different medical reports and treatment notes. The concern with developing the record appears baseless. In addition, Mrs. Lovett's position with respect to challenging the credibility of her own witness, Helen Ms. Matheny, is meritless. Mrs. Lovett contends she brought Ms. Matheny to the hearing to testify only to the fact that Mrs. Lovett did not drive an automobile by herself. The questioning, however, was not confined to this topic and Ms. Matheny eventually testified that, until 1990, she and Mrs. Lovett used to ride horses, attend 5-10 yard sales a week, swim and shop. Mrs. Lovett and her husband promptly testified to the contrary. The ALJ found Ms. Matheny's testimony credible. Mrs. Lovett claims that, with an attorney, she would never have put Ms. Matheny on the stand or, at the least, she could have mounted a successful attack on Ms. Matheny's version of Mrs. Lovett's daily activities. This claim is speculative. The ALJ could have chosen to disregard Ms. Matheny's testimony on the strength of the testimony of Mrs. Lovett and her husband. The ALJ, however, simply found Ms. Matheny more credible and it was within his province to do so.
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.